IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GREEN TREE SERVICING, LLC                                              PLAINTIFF

v.                              No. 3:09CV00050 JLH

LARRY THOMAS and ROSIE L. THOMAS                        DEFENDANTS

**OPINION AND ORDER**

Green Tree Servicing, LLC brought this action for replevin in the Circuit Court of Crittenden County, Arkansas on October 31, 2008, against Larry and Rosie Thomas seeking an order for delivery with respect to a manufactured home due to a payment default. After a hearing, the order for delivery was approved and the Thomases filed a notice of appeal with the Arkansas Court of Appeals on March 23, 2009. On April 17, 2009, the date the order of delivery was to become effective, the Thomases filed a notice of removal to this Court. Green Tree Servicing has moved to remand this action. For the following reasons, that motion is granted.

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441. Likewise, the following civil actions may be removable from state court to district court: (1) an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;" (2) an action "[f]or any act under color of authority derived from any law providing equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443. The Thomases have identified both of these statutes as grounds for removal. In outlining the procedure required for removal, the federal removal statute provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the

> initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

Green Tree Services filed its complaint in Crittenden County Circuit Court on October 31, 2008, and the Thomases filed their notice of removal in this court on April 17, 2009, long after the thirty day period passed. Therefore, removal based on the initial complaint was not timely. However, the Thomases point out that § 1446 would allow them to remove the state court case when it is evident that the case has become removable. In that situation, they would have been required to remove the case within thirty days of the receipt of "an amended pleading, order, or other paper" from which the Thomases first ascertained that the case had become removable. It appears from the Thomases' notice of removal and response to the motion to remand that the order of delivery which was entered on March 4, 2009, would have been the document that made the case removable since they claim that the entry of that order shows they cannot enforce their rights in Arkansas's courts because of their race and color. The docket sheet from Crittenden County shows that on March 18, 2009, the Thomases filed objections to the order of delivery and other papers, from which the Court concludes that the Thomases received the order of delivery sometime before March 18. Since they did not file their notice of removal until April 17, 2009, their removal petition was still not filed within the thirty-day time limit set forth in 28 U.S.C. § 1446(b).

Since the notice of removal was untimely, this action must be remanded to the Circuit Court of Crittenden County. The motion to remand is granted. Document #13.

IT IS SO ORDERED this 3rd day of June, 2009.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE